**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>Donald C. Kupperstein<br><br>Debtor | Chapter 7<br>Case No. 18-10098-MSH |

**ORDER ON MOTION OF THE ESTATE OF FRED W. KUHN FOR RELIEF FROM STAY**

The Motion for Relief from the Automatic Stay and/or to Annul the Stay [#35] having come before me for hearing and good cause appearing therefor, it is hereby ORDERED that:

1. The motion is ALLOWED.

2. The actions presently pending in the Bristol County Probate and Family Court (Docket No. BR114P0127EA) and the Suffolk County Superior Court (Civil Action No. 2015-2036-C) may proceed in all respects, except movant may not seek to enforce against the debtor, Donald C. Kupperstein, any judgment with respect to the $191,741.79 MassHealth reimbursement claim or attempt to collect from Kupperstein all or any part thereof. In all other respects the automatic stay with respect to the aforementioned proceedings is lifted, including the assessment by either court against Kupperstein of any restitution and sanction amounts and further proceedings to enforce and collect those amounts. *See In re Dignley*, 852 F.3d 1143 (9th Cir. 2017); *Alpern v. Lieb*, 11 F.3d 689 (7th Cir. 1993).

By the Court,

[signature]

Melvin S. Hoffman
U.S. Bankruptcy Judge

Dated: August 13, 2018

Official Form 4

UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

In re

Donald C. Kupperstein — Debtor

Docket No.: 18-10098-MSH
Chapter 7

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): Donald C. Kupperstein

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

- ☐ Plaintiff
- ☐ Defendant
- ☐ Other (describe) ____________________

For appeals in a bankruptcy case and not in an adversary proceeding.

- ☒ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ Other (describe) ____________________

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Orders granting relief rom the automatic stay

2. State the date on which the judgment, order, or decree was entered: August 13, 2018

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Irene Schall as Personal Representative — Attorney: Roger Stanford, Esq.
   Moses, Smith Markey & Walsh
   50 Homess Wharf
   New Bedford, MA 02740

2. Party: Executive Office of Health & Human Svcc. — Attorney: Paul T. O'Neil, Esq.
   EOHHS
   One Ashburton Place 11th Fl.
   Boston, MA 02108

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

/a/ *David G. Baker*

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: August 13, 2018

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

David G. Baker, Esq.
236 Huntington Avenue Ste. 317
Boston, MA 02115
617-367-4260

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>DONALD C. KUPPERSTEIN<br><br>Debtor | Chapter<br>Case No. 18-10098-MSH |
| EXECUTIVE OFFICE OF HEALTH & HUMAN SERVICES OF THE COMMONWEALTH OF MASSACHUSETTS<br><br>Plaintiff<br><br>v.<br><br>DONALD C. KUPPERSTEIN, ET AL.<br><br>Defendants | Adversary Proceeding<br>No. 18-01053 |

**ORDER ON MOTION OF THE EXECUTIVE OFFICE OF HEALTH & HUMAN SERVICES FOR RELIEF FROM STAY**

The Executive Office of Health & Human Services of the Commonwealth of Massachusetts having filed a Motion for Remand and for Relief from the Automatic Stay [#12], the motion having come before me for hearing, the request for stay relief having been taken under advisement, and after due consideration, good cause appearing therefor, it is hereby ORDERED that:

1. The motion’s request for stay relief is ALLOWED.

2. The actions presently pending in the Bristol County Probate and Family Court (Docket No. BR114P0127EA), the Suffolk County Superior Court (Civil Action No. 2015-2036-

C), and the Massachusetts Land Court (Docket No. 17 MISC 000593(RBF)) may proceed in all respects, except movant may not seek to enforce against the debtor, Donald C. Kupperstein, any judgment with respect to the $191,741.79 MassHealth reimbursement claim or attempt to collect from Kupperstein all or any part thereof. In all other respects the automatic stay with respect to the aforementioned proceedings is lifted, including the assessment by the courts against Kupperstein of any restitution and sanction amounts (including under Mass. Gen. Laws ch. 231 § 6F) and further proceedings to enforce and collect those amounts. *See In re Dignley*, 852 F.3d 1143 (9th Cir. 2017); *Alpern v. Lieb*, 11 F.3d 689 (7th Cir. 1993).

By the Court,

Dated: August 13, 2018

Melvin S. Hoffman
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 18-10098-MSH |
| Donald C. Kupperstein | ) | |
| | ) | |
| Debtor | ) | |

**ORDER ON MOTION OF THE ESTATE OF FRED W. KUHN FOR RELIEF FROM STAY**

The Motion for Relief from the Automatic Stay and/or to Annul the Stay [#35] having come before me for hearing and good cause appearing therefor, it is hereby ORDERED that:

1. The motion is ALLOWED.

2. The actions presently pending in the Bristol County Probate and Family Court (Docket No. BR114P0127EA) and the Suffolk County Superior Court (Civil Action No. 2015-2036-C) may proceed in all respects, except movant may not seek to enforce against the debtor, Donald C. Kupperstein, any judgment with respect to the $191,741.79 MassHealth reimbursement claim or attempt to collect from Kupperstein all or any part thereof. In all other respects the automatic stay with respect to the aforementioned proceedings is lifted, including the assessment by either court against Kupperstein of any restitution and sanction amounts and further proceedings to enforce and collect those amounts. *See In re Dignley*, 852 F.3d 1143 (9th Cir. 2017); *Alpern v. Lieb*, 11 F.3d 689 (7th Cir. 1993).

By the Court,

[signature]

Melvin S. Hoffman
U.S. Bankruptcy Judge

Dated: August 13, 2018

UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re<br>Donald C. Kupperstein<br>Debtor | Docket No.: 18-10098-MSH<br>Chapter 7 |
|---|---|

MOTION FOR STAY PENDING APPEAL
EMERGENCY DETERMINATION REQUESTED

NOW COMES Donald C. Kupperstein, by his attorney, and respectfully moves the Court pursuant to Fed.R. Bankr.P. 8005 for a stay pending appeal in this matter of the orders granting limited relief from the automatic stay to EOHHS and Irene Schall as Personal Representative, and for reasons states that he is reasonably likely to prevail on appeal for the reasons stated in the accompanying memorandum, and none of the other factors weigh against granting a stay. *See, e g ,* In re Miraj and Sons, Inc., 201 BR 23 (Bankr. D. Mass. 1996).

In further support of this motion, Kupperstein submits the attached memorandum of law.

August 13, 2018

Respectfully submitted,
Donald C. Kupperstein,
By his attorney,

/s/ David G. Baker
David G. Baker, Esq.
236 Huntington Avenue, Ste. 317
Boston, MA 02109
(617) 367-4260
BBO #634889

Certificate of Service

The undersigned states upon information and belief that the within motion was served upon the entities named below by the court's CM/ECF system.

/s/ David G. Baker
David G. Baker, Esq.

- Douglas C. Dufault, Jr. on behalf of Interested Party Reservoir Street Realty Trust dcdjr@dufaultlawoffices.com, dcdjr@dufaultlawoffices.com
- Paul O'Neill on behalf of Defendant Massachusetts Executive Office of Health and Human Services - paul.o'neill@state.ma.us
- Mark C. Rossi on behalf of Interested Party Thomas E. Sheedy bostonian.ecf@gmail.com, esher.rossiecf2@gmail.com;r44913@notify.bestcase.com
- Roger Stanford on behalf of Defendant Estate of Fred W. Kuhn rstanford@msmw-law.com, G12346@notify.cincompass.com

UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re Donald C. Kupperstein, Debtor | Docket No.: 18-10098-MSH<br>Chapter 7 |
|---|---|

MEMORANDUM IN SUPPORT OF MOTION FOR STAY PENDING APPEAL

In support of his motion for a stay pending appeal of the orders granting limited relief from the automatic stay to the Executive Office of Health and Human Services and to Irene Schall as Personal Representative of the Probate Estate of Fred Kuhn, debtor Donald Kupperstein states as follows:

## ARGUMENT

A party requesting a stay pending appeal must demonstrate that:

(1) there is a likelihood of success on the merits of the appeal;
(2) the moving party will suffer irreparable harm if a stay is not granted;
(3) the harm to the moving party if the stay is not granted is greater than the injury to the opposing party if the stay is granted; and
(4) the public interest would not be adversely affected by the issuance of the stay.

In re Miraj, 201 BR 23 (Bankr. D. Mass. 1996).

1. Likelihood of success on the merits

The relief granted to EOHHS and Schall was limited to the assessment by the state courts against Kupperstein of any restitution and sanction amounts (including under Mass. Gen. Laws ch. 231 §6F and further proceedings to enforce and collect those amounts. In granting that relief, the court did not set forth its reasoning, but cited to In re Dingley, 852 F.3d 1143 (9th Cir. 2017), and Alpern v. Lieb, 11 F.3d 689 (7th Cir. 1993). It appears, therefore, that this court is of the opinion that collection of debts for restitution and sanctions are excepted from the automatic stay pursuant to the so-called "police power" exception of §362(b)(4). For the following reasons, Kupperstein respectfully suggests that those cases are distinguishable and/or inconsistent with First Circuit and Supreme Court precedent.

Attempts to collect money are not within the "police power" exception to the automatic stay. That exception applies to a governmental unit's enforcement of laws "affecting health, welfare, morals, and safety, 'but not to regulatory laws that directly conflict with the control of the res or property by the bankruptcy court.'" Matter of Currency Exchange, Inc., 762 F.2d 542, 555 (7th Cir. 1985) (*quoting* State of Missouri v. United States Bankruptcy Court, 647 F.2d 768, 776 (8th Cir. 1981)). "Congress clearly intended for the police power exception to allow governmental agencies to remain unfettered by the bankruptcy code in the exercise of their regulatory powers." Word v. Commerce Oil Co, 847 F.2d 291, 295 (6th Cir. 1988). Thus, a proceeding by a

governmental unit enforcing such laws may proceed to entry of a money judgment, although actions to collect such a judgment fall outside the exception and are stayed. *See generally* Board of Governors of the Federal Reserve System v. MCorp. Financial Inc., 502 U.S. 32, 41 (1991) (stay applies to agency action to enforce final agency order that affects Bankruptcy Court's control over property of estate, but not to agency's making of final order).

To determine whether proceedings fall within the police or regulatory power exception to the automatic stay, "courts have applied two 'related, and somewhat overlapping' tests: the pecuniary purpose test and the public policy test." *See* Chao v. Hosp. Staffing Servs., Inc., 270 F.3d 374, 385 (6th Cir. 2001) *and* In re Spookyworld, Inc., 346 F.3d 1, 9 (1st Cir. 2003) (*citing* Board of Governors, *supra)*. "The pecuniary purpose test asks whether the government primarily seeks to protect a pecuniary governmental interest in the debtor's property, as opposed to protecting the public safety and health." In re Nortel Networks, Inc., 669 F.3d 128, 139-140 (3rd Cir. 2011). "The public policy test asks whether the government is effectuating public policy rather than adjudicating private rights." *Id.* at 140. Thus, "[i]f the purpose of the law is to promote public safety and welfare or to effectuate public policy, then the exception to the automatic stay applies. If, on the other hand, the purpose of the law is to protect the government's pecuniary interest in the debtor's property or primarily to adjudicate private rights, then the exception is inapplicable." *Id*; *see also* In re Gandy, 327 B.R. 796, 803 (Bankr. S. D. Tex. 2005). The pecuniary purpose and public policy tests both "contemplate that the bankruptcy court, after assessing the totality of the circumstances, [will] determine whether the particular regulatory proceeding at issue is designed primarily to protect the public safety and welfare, or represents a governmental attempt to recover from property of the debtor estate, whether on its own claim, or on the nongovernmental debts of private parties." In re McMullen, 386 F.3d 320, 325 (1st Cir.2004); *see also* Hosp. Staffing, 270 F.3d at 389 (*supra*, stating that the tests "are designed to sort out cases in which the government is bringing suit in furtherance of either its own or certain private parties' interest in obtaining a pecuniary advantage over other creditors").

The actions by Schall and EOHHS are not regulatory in nature. Instead, they are "pecuniary" because they are attempting to collect a debt allegedly owed by Kupperstein – a debt that he never incurred because he had no relationship with EOHHS or received any money from it or from the Probate Estate. Thus the police power exception does not apply.

The limited relief granted by this court appears to have been motivated by notions of comity with the state courts – that federal courts should not interfere with the decisions and orders of state courts. Kupperstein respectfully suggests that that motivation, while well intended, is misplaced. Because of the Supremacy Clause of the Constitution, federal law is the supreme law of the land and has nothing to do with comity. US v. Pleau, 680 F. 3d 1, 6 (1st Cir. 2012) (criminal case). Unless Congress has legislated otherwise, federal courts are not statutorily obligated to defer to state courts in deciding federal questions. For example, in In re Cavanaugh, 271 BR 414,423 (Bankr. D. Mass. 2001), *quoting extensively from* In re Gruntz, 202 F. 3d 1074 (9th Cir. 2000), Judge Feeney appears to have agreed with the Grutnz court that federal courts are not bound nor stripped of jurisdiction by state court modifications of the automatic stay, which they do not have jurisdiction to do, and the *Rooker-Feldman* doctrine did not require otherwise. Similarly, in In re Cox, 274 BR 13 (Bankr. D. Maine 2002), Judge Haines had before him a rather complex set of issues relating to a divorce court judgment. In the closing paragraph, he observed:

> And fifth, on another note altogether, I am well aware that today's decision might be seen as destructive of comity between state and federal courts. On that point, I differ. It is this court's fundamental responsibility to speak and apply the law. Vague notions of comity cannot override that charge. Moreover, today's result speaks no disrespect for the state court. The state court judge and case management officer undertook and completed Herculean tasks. Their work was completed with Cox's bankruptcy underway. Bankruptcy changes things, and it became this court's job to determine how bankruptcy affected the provisions of the divorce decree at issue here. That job is done.

Id. at 36, *aff'd in part and reversing and remanding in part on other grounds,* Davis v. Cox, 356 F. 3d 76 (1st Cir. 2004).

Ultimately, it bears remembering that bankruptcy courts cannot grant relief that is not explicitly provided for in the bankruptcy code, and 11 USC §105 does not change that. In Law v. Siegel, 134 S. Ct. 1188 (2014), the court considered a case where the bankruptcy court had surcharged a debtor's exemptions in order to compensate the trustee for what seems to have been rather egregious conduct by the debtor. The Supreme Court made it clear that since nothing in §522 or the code, generally, provide for surcharging exemptions, the surcharge was improper and thus reversed and remanded. The court made it abundantly clear that §105 is nor a source of authority for a surcharge. Except for the provisions regarding abstention in 28 USC §1334(c)(1), there is nothing that *requires* a bankruptcy court to abstain in the interests of comity. Abstention is wholly discretionary. *See* In re Middlesex Power Equipment & Marine, Inc., 292 F. 3d 61 (1st Cir. 2002).

Nothing in the present case justifies abstention, whether in the name of comity or otherwise. The state court's judgments, most of which came after the bankruptcy petition was filed and thus violated the automatic stay and are void, In re Soares, 107 F. 3d 969 (1st Cir. 1997), are final and nothing remains to be done, so far as the undersigned can tell, except to execute or enforce the judgments. Comity does not justify letting the state court enforce a judgment that is dischargeable unless this court decides that it is NOT dischargeable – an issue that is not presented at this time; manifestly the state court cannot determine whether a debt of this nature is dischargeable, and EOHHS has filed a dischargeability complaint, thus acknowledging this court's jurisdiction over the issue.

That the present issue arises in the context of contempt judgments does not change the analysis because the contempt judgment(s) at issue are *civil* in nature, initiated by EOHHS. A *criminal* contempt would be excepted from the automatic stay. But a civil contempt is not because it is a debt collection device – i.e., a "pecuniary" motivation by EOHHS to collect money it believes is owed to it.

In Massachusetts, enforcement of a judgment is accomplished by "supplementary process". *See* M.G.L. c. 224, § 15; *see also* In re Birchall, 454 Mass. 837 (2009). In Birchall, the court essentially was considering Birchall's petition for a writ of habeas corpus to gain his release from prison. He had been found in contempt for failing or refusing to pay a civil judgment. The court took the opportunity to extensively discuss supplementary process and the standards to be applied in determining whether the judgment debtor had the ability to pay the judgment; absent a finding that he could, the supplementary process action is to be dismissed. Otherwise, the

judgment debtor can be confined to a jail pending a hearing every thirty days to make the determination of ability to pay. Birchall had been jailed for two years.

Interestingly, the dispute between Birchall and the creditor spilled over into the Bankruptcy court. *See* In re Birchall, 501 BR 142 (Bankr. D. Mass. 2013). He filed two bankruptcy petitions in 2007, while the aforementioned supplementary process action was in process. In the cited decision from a 2012 case, which sets forth the pertinent facts, Judge Hillman found that the debt at issue was non-dischargeable because of fraud. In case number 07-17294, Birchall filed a motion requesting that Judge Hillman order his immediate release from incarceration resulting from the supplementary process action, but he denied the motion and abstained. In re Birchall, 381 BR 13 (Bankr. D. Mass. 2008). Judge Hillman noted that in a prior case, Judge Feeney had *granted* Birchall's motion subject to certain conditions. When Birchall later moved to amend the order to remove the conditions, Judge Hillman abstained and dismissed the case, but "found that although I continued to be concerned about whether the Debtor's incarceration for civil contempt violated the automatic stay, in the end it was in the best interest of all parties to have this matter decided in state court." Id. at 16.

It should also be noted the supplementary process is used by creditors to enforce *regular* money judgments. In Sears, Roebuck and Company v. Ford, 2006 Mass. App. Div. 172 (2006), the Massachusetts District Court Appellate Division had before it an appeal from the trial court's determination that it had personal jurisdiction over the defendant. The appellate court noted that in a companion action against the defendant, the plaintiff had commenced a supplementary process action in which the defendant signed an agreed payment order. Given that failure or refusal to pay a civil judgment results in a contempt finding and possible incarceration, the question must be asked whether, if Ford had filed a bankruptcy case, this court would have permitted Sears to continue the supplementary process action, including incarceration, in the interests of comity with the state court. It is inconceivable that it would. *Cf.* In re Latanowich, 207 BR 326 (Bankr. D. Mass. 1997) (ordering Sears to show cause why it should not be sanctioned for discharge violations).

Admittedly the issues in the present case do not involve a supplementary process action, apparently, but they do involve contempt judgment for not paying a judgment of the Bristol Probate Court (which judgment appears to have violated the automatic stay and thus is void). It seems to be a distinction without a difference. The Bristol Probate Court's judgment is not a criminal contempt and thus Kupperstein should be protected from debt collection by the automatic stay.

The point of the foregoing is that at least some courts in this circuit have doubts about whether civil contempt enforcement actions are excepted from the automatic stay. In fact, one bankruptcy court has held that actions to enforce a money judgment are not excepted from the automatic stay. In re McKenna, 566 BR 286 (Bankr. D. R. I. 2017). That case is startlingly similar to the present case. In McKenna, the Rhode Island Superior Court had imposed a Rule 11 sanction against McKenna, payable to the creditor. After a series of hearings resembling Massachusetts' supplementary process, the Superior Court found that McKenna had the ability to pay the judgment notwithstanding his protestations to the contrary, and threatened him with incarceration. He made one payment on the judgment, but then filed a chapter 13 case.

The creditor argued that the contempt judgment was excepted from the automatic stay by the "police power" exception of §362(b)(4). After considering a number of decisions from other

courts, including Alpern v. Lieb, 11 F.3d 689 (7th Cir. 1993), cited by this court, Judge Finkle disagreed:

> Here, the Monetary Sanction was imposed over two years ago and the recent State Court proceedings, leading up to Mr. McKenna's bankruptcy filing, had advanced to the stage of enforcement and collection of that sanction judgment. The plain and unambiguous reading of Bankruptcy Code § 362(b)(4) is that it expressly encompasses within the stay exception afforded governmental units "the enforcement of a judgment *other than a money judgment* " (emphasis added); *see In re First Alliance Mortg Co ,* 263 B.R. 99, 114 (9th Cir. B.A.P. 2001) (finding that a state court restitution action for violation of state consumer protection laws "fits the narrow exception of § 362(b)(4) for fixing damages for violations of the consumer laws .... However, collection and enforcement of restitution claims must proceed according to normal bankruptcy procedures, and are stayed."); *In re Mohawk Greenfield Motel Corp ,* 239 B.R. 1, 6 (Bankr. D. Mass. 1999) ("Simply put, action by a governmental unit to enforce its police and regulatory powers is excepted from the automatic stay so long as the action is not to enforce a money judgment."). Otherwise, allowing the enforcement of monetary judgments under § 362(b)(4) "would give the governmental unit an unfair advantage over other creditors, would effectively subvert the scheme of priorities set forth in [Bankruptcy Code] section 507 and would effectively deny to the debtor the benefits of discharge." *Collier on Bankruptcy* ¶ 362.05 (Alan N. Resnick & Henry J. Sommers eds.,

Id. at 289 – 290 (footnote omitted). The ninth circuit BAP reached essentially the same conclusion in In re First Alliance Mortg. Co., supra, in which the Commonwealth of Massachusetts was the appellant:

> The Commonwealth's state court action for alleged violations of the consumer protection laws was exempt in its entirety from the automatic stay. Therefore, we REVERSE that portion of the judgment which denied relief to the Commonwealth on its restitution, civil penalties and attorneys' fees claims, for purposes of obtaining judgment, but not enforcement of such claims.

Among other cases, the BAP cited Midlantic Nat. Bank v. New Jersey Dept. of Environmental Protection, 474 US 494, 503 (1986), in which the court said:

> The automatic stay provision of the Bankruptcy Code, § 362(a), has been described as "one of the fundamental debtor protections provided by the bankruptcy laws." S. Rep. No. 95-989, p. 54 (1978); H. R. Rep. No. 95-595, p. 340 (1977). Despite the importance of § 362(a) in preserving the debtor's estate, Congress has enacted several categories of exceptions to the stay that allow the Government to commence or continue legal proceedings. For example, **§ 362(b)(5) permits the Government to enforce "nonmonetary" judgments against a debtor's estate**. It is clear from the legislative history that one of the purposes of this exception is to protect public health and safety:
>
> > "Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, *environmental protection,* consumer protection, *safety, or similar police or regulatory laws,* or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay." H. R. Rep. No. 95-595, *supra,* at 343 (emphasis added); S. Rep. No. 95-989, *supra,* at 52 (emphasis added).

(emphasis added and footnote omitted). Because Midlantic pertained to whether a trustee may abandon property of the estate pursuant to §554(a) in contravention of state laws or regulations designed to protect the public's health or safety, the foregoing language is dicta. But it is the Supreme Court's dicta, which should be respected. McCoy v. Massachusetts Institute of Technology, 950 F. 2d 13, 19 (1st Cir. 1991). Kupperstein is unaware of any subsequent decisions that have weakened that dicta. On the contrary: the First Circuit recently cited it in Internal Revenue Service v. Murphy, 65 Bankr.Ct.Dec. 195 (2018) – a case that pertained to sanctions for stay violations by the IRS. Midlantic is still good law and applicable to this case.

To the extent that In re Dingley, 852 F.3d 1143 (9th Cir. 2017), and Alpern v. Lieb, 11 F.3d 689 (7th Cir. 1993), reach a different conclusion, they are wrong. Collection of money judgments is not excepted from the automatic stay, even if the judgment results from a Rule 11 violation or other collection actions. In re McKenna, 566 BR 286 (Bankr. D. R. I. 2017). Midlantic is quite clear in holding that the "police power" exception applies only to "nonmonetary" judgments in favor of governmental units. Collection of a monetary judgment is not excepted, even one in favor of a governmental unit[1].

For all of the foregoing reasons, Kupperstein avers that he has at least a reasonable likelihood of success on the merits of his appeal.

*The remaining factors*

"The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." Esso Standard Oil (Puerto Rico) v. Monroig-Zayas, 445 F. 3d 13 (1st Circuit 2006). Not all of the factors are given equal weight, but without a "strong case", a stay is unlikely to be granted. That being the case, and Kupperstein having demonstrated a very "strong case" for appeal, Miraj, the remaining factors will be discussed in less detail.

*(2) the moving party will suffer irreparable harm if a stay is not granted;*

There can be little doubt that Kupperstein will suffer irreparable harm if a stay is not granted. There is no proof that he can actually pay the sanctions judgments. Indeed, it does not appear that the Probate Court has conducted anything resembling supplementary process. If a stay is not granted, it is inescapable that Kupperstein will be incarcerated, *see* In re Birchall, 501 BR 142 (Bankr. D. Mass. 2013). This is irreparable harm. *See* In re Strayton, 360 BR 8 (Bankr. Court, D. Mass. 2007) (granting a preliminary injunction against foreclosure).

*(3) the harm to the moving party if the stay is not granted is greater than the injury to the opposing party if the stay is granted;*

To paraphrase Judge Somma in Strayton, the harm to the debtor far outweighs any harm to the EOHHS and Schall. EOHHS is a governmental entity with "deep pockets", and Schall is an

[1] While it may seem counterintuitive, appellee Schall should be a government actor, so to speak, since she is acting as an officer of the Probate Court in performing her duties as Personal Representative.

officer of the Probate Court; they can afford to litigate endlessly, which the automatic stay is supposed to prevent by giving the debtor "breathing room", Soares, *supra*. Given that Schall is on the verge of selling the real estate that forms the crux of the dispute, EOHHS is reasonably likely to be paid a significant amount of what it is owed, and Schall, who (like a chapter 7 trustee) is paid by the probate estate, is virtually certain to be paid in full. Neither will suffer any appreciable harm from a stay pending appeal.

*(4) the public interest would not be adversely affected by the issuance of the stay*

The bankruptcy code was enacted to help people get a "fresh start", financially. Marrama v. Citizens Bank of Massachusetts, 549 US 365 (2007). The public interest in enforcing federal law, which is supreme over state law, would not be adversely affected by granting a stay. On the contrary – granting a stay pending appeal gives effect to the limitations on the "police power" exception that the case law cited above outlines. As argued above, comity is not a concern; federal courts should be jealous, so to speak, of their jurisdiction and not hesitate to disregard state court judgments that intrude on the federal court's jurisdiction.

## CONCLUSION

For all of the foregoing reasons, the court should grant a stay pending appeal.

August 13, 2018

Respectfully submitted,.
Donald C. Kuperstein
By debtor's attorney,

/S/ David G. Baker
David G. Baker, Esq.
236 Huntington Avenue Room 317
Boston, MA 02115
617-340-3680
BBO# 634889

## Certificate of Service

The undersigned stated upon information and belief that the within Motion was served on the parties named below by the court's CM/ECF system on the date set forth above.

/S/ David G. Baker
David G. Baker, Esq.

- Douglas C. Dufault, Jr. on behalf of Interested Party Reservoir Street Realty Trust dcdjr@dufaultlawoffices.com, dcdjr@dufaultlawoffices.com
- Paul O'Neill on behalf of Defendant Massachusetts Executive Office of Health and Human Services - paul.o'neill@state.ma.us

- Mark C. Rossi on behalf of Interested Party Thomas E. Sheedy
  bostonian.ecf@gmail.com, esher.rossiecf2@gmail.com; r44913@notify.bestcase.com
- Roger Stanford on behalf of Defendant Estate of Fred W. Kuhn
  rstanford@msmw-law.com, G12346@notify.cincompass.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Donald C. Kupperstein, | * | Chapter 7 |
| | * | Docket No. 18-10098-MSH |
| Debtor | * | |
| ****************************** | | |

***LIMITED OPPOSITION TO THE MOTION FOR A STAY PENDING APPEAL***

Irene B. Schall, Successor Administrator of the Estate of Fred W. Kuhn opposes the Motion for a stay pending appeal filed on behalf of Donald C. Kupperstein.

The Motion for Relief presented virtually the same issues as were presented in the case of Thomas Sheedy, Docket No. 18-11859-MSH. Irene B. Schall does not object to the same Order entered in Mr. Sheedy's bankruptcy on his Motion for a stay pending appeal being entered in Attorney Kupperstein's case.

Further, the Motion for Stay as filed would allow her to sell the house owned by the probate estate but would continue to stay all other proceedings in the probate, including but not limited to the orderly completion of the probate.

Irene B. Schall, Successor Personal
Representative of the Estate of
Fred W. Kuhn
By her Attorney,

Dated: August 14, 2018

/s/ Roger Stanford

Roger Stanford, Esq.
Moses Smith Markey & Walsh
50 Homers Wharf
New Bedford, MA 02740
(508) 994-3393
BBO#: 476600
rstanford@msmw-law.com

***CERTIFICATE OF SERVICE***

I, Roger Stanford, hereby certify that on the 14th day of August, 2018, mailed a copy of Limited Opposition to the Motion for a Stay Pending Appeal, by regular mail, postage prepaid to:

Mr. Donald C. Kupperstein
704 Foundry Street
South Easton, MA 02375

*and via the Court's CM/ECF System to:*

David G. Baker, Esq.
(Counsel to the Debtor)

Ms. Debora A. Casey
Chapter 7 Trustee

Paul O'Neill, Esq.
(Counsel to Executive Office of Health & Human Services)

Signed under the pains and penalties of perjury this 14th day of August, 2018.

/s/ Roger Stanford
Roger Stanford, Esq.

08/16/2018 For the reasons already articulated by this court during the hearing and ruling on a similar motion in the case of Thomas Sheedy 18-11859, this motion is denied.

UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re<br>Donald C. Kupperstein<br>Debtor | Docket No.: 18-10098-MSH<br>Chapter 7 |
|---|---|

MOTION FOR STAY PENDING APPEAL
EMERGENCY DETERMINATION REQUESTED

NOW COMES Donald C. Kupperstein, by his attorney, and respectfully moves the Court pursuant to Fed.R. Bankr.P. 8005 for a stay pending appeal in this matter of the orders granting limited relief from the automatic stay to EOHHS and Irene Schall as Personal Representative, and for reasons states that he is reasonably likely to prevail on appeal for the reasons stated in the accompanying memorandum, and none of the other factors weigh against granting a stay. *See, e.g.,* In re Miraj and Sons, Inc., 201 BR 23 (Bankr. D. Mass. 1996).

In further support of this motion, Kupperstein submits the attached memorandum of law.

August 13, 2018

Respectfully submitted,
Donald C. Kupperstein,
By his attorney,

/S/ David G. Baker
David G. Baker, Esq.
236 Huntington Avenue, Ste. 317
Boston, MA 02109
(617) 367-4260
BBO #634889

Certificate of Service

The undersigned states upon information and belief that the within motion was served upon the entities named below by the court's CM/ECF system.

/S/ David G. Baker
David G. Baker, Esq.

- Douglas C. Dufault, Jr. on behalf of Interested Party Reservoir Street Realty Trust dcdjr@dufaultlawoffices.com, dcdjr@dufaultlawoffices.com
- Paul O'Neill on behalf of Defendant Massachusetts Executive Office of Health and Human Services - paul.o'neill@state.ma.us
- Mark C. Rossi on behalf of Interested Party Thomas E. Sheedy bostonian.ecf@gmail.com, esher.rossiecf2@gmail.com; r44913@notify.bestcase.com
- Roger Stanford on behalf of Defendant Estate of Fred W. Kuhn rstanford@msmw-law.com, G12346@notify.cincompass.com

**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF MASSACHUSETTS

In Re: Donald C. Kupperstein

Chapter 7
Bankruptcy Case 18−10098
Judge Melvin S. Hoffman

**NOTICE OF FILING OF APPEAL TO DISTRICT COURT**

A Notice of Appeal and an Election to have the appeal heard in the United States District Court for the District of Massachusets ("District Court") were filed on **AUGUST 13, 2018** in the above case/proceeding.

Please refer to 28 U.S.C. § 158(c)(1), Federal Rule of Bankruptcy Procedure 8001 et seq., and Local Rule 203 of the District Court. Also, pursuant to Federal Rule of Bankruptcy Procedure 8009 the Appellant must file with the Clerk of this Court a Designation of the Record on Appeal and a Statement of the Issues to be presented on Appeal within fourteen (14) days of the filing of the:

1. Notice of Appeal, or
2. Entry of an Order granting leave to appeal, or
3. Entry of an Order disposing of the last timely motion outstanding of a type specified in Rule 8002(b),

whichever is **later.**

A copy of the Designation and Statement shall be served by the Appellant on the Appellee.

The Appellee may file a Designation of Additional Papers to be included in the Record on Appeal within fourteen (14) days after service of the Appellant's Designation and Statement.

Upon the filing of the Designation of Record and Statement of Issues on Appeal, and after expiration of the fourteen (14) day period for the Appellee to file a Designation of Additional Papers, the Clerk's Office will forward the documents designated by the parties to the District Court electronically.

If a party to the appeal designates any sealed document to be part of the record on appeal, that party must file a motion with the court which the appeal is pending requesting that court to accept the sealed document. If the motion is granted, the movant must notify the bankruptcy court of the ruling. See Fed.R. Bankr.P.8009(f).

It is the duty of the parties to order a transcript of the proceedings or relevant parts thereof. If no transcript is ordered, the parties must also advise the court by filing "Certificate of No Transcript Ordered." See Fed.R.Bankr.P. 8010(b).

It is the duty of the parties to insure that the Record on Appeal is complete.

Date:8/17/18

Mary P. Sharon
Clerk, U.S. Bankruptcy Court

By the Court,

Cynthia Martin
Deputy Clerk
(617) 748− 5332